IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLA M. DULANEY, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. _____ |
| PACKAGING CORPORATION OF AMERICA,<br>Serve: James C. Brincefield, Jr., Registered Agent<br>      526 King Street<br>      Alexandria, Virginia 22314-000 | ) |
| and | ) |
| BOBBY MILLS, | ) |
|        Defendants. | ) |

## COMPLAINT

Plaintiff Carla M. Dulaney moves for judgment against defendants Packaging Corporation of America and Bobby Mills, and each of them, and as grounds therefore states as follows:

(1) This is a suit for gender discrimination and sexual harassment and wrongful discharge and assault and battery and intentional infliction of emotional distress authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* and the common law of Virginia.

(2) This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(4).

(3) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Virginia Council on Human Rights; received a notice of right to sue dated February 6, 2009; and files this action within 90 days of receipt of the notice of right to sue.

(4) On information and belief, defendant Packaging Corporation of America ("PCA") is a corporation doing business in the Commonwealth of Virginia and elsewhere.

(5) On information and belief, at all times material hereto defendant Bobby Mills was employed by defendant PCA and acted in his capacity as an employee of defendant PCA, or as an individual, or both.

(6) At all times material hereto, defendants sexually harassed and discriminated against plaintiff on account of her gender (female) and retaliated against and discharged plaintiff and otherwise engaged in tortious conduct with regard to plaintiff.

(7) Plaintiff went to work for defendant PCA in June 2006 through a temporary employment service in Roanoke, Virginia, and became a full-time employee in December 2006.

(8) Bobby Mills, plaintiff's supervisor, told plaintiff that she had to provide sexual favors to him to make things easy for her at work and to keep her job. Mills threatened plaintiff repeatedly and told her that she was replaceable, and that Mills would give plaintiff points for things she had not done if she did not provide sex to him.

(9) Employees who accumulate points at PCA are subject to negative employment action, up to and including termination of employment.

(10) When plaintiff refused to provide sexual favors to Mills, he became angry and treated plaintiff and other employees badly at work. Some employees told plaintiff that if she would just provide oral sex for Mills, then he would be in a better mood and not make it so hard on everyone else.

(11) Mills' demands were unrelenting, and after a period of time, plaintiff could not take it any longer and agreed to provide sex to Mills to keep her job. Mills told plaintiff that she had to provide oral sex for him once a week to keep her job or she would get points. Mills also made negative comments about plaintiff to other employees.

(12) When plaintiff later refused to provide sexual favors, Mills became angry and yelled at plaintiff and sent her home with points. Mills also screamed at plaintiff and called her names. When plaintiff complained to a manager, the manager told plaintiff that everyone has bad days and told plaintiff to go back to work and maybe Mills and plaintiff could work it out.

(13) Plaintiff believes that Mills eventually resigned. Afterward, another employee told plaintiff that she had spoken with Mills; she said that Mills could come back to work as a machine operator and would leave plaintiff alone if she would drop the charges against him.

(14) When plaintiff told the plant manager about the harassment, the harassment worsened. For example, one day the plant manager sent the plaintiff home without pay. Thereafter the plant manager and another manager handed plaintiff a form entitled "Employee Separation Agreement and General Release." The agreement provided that PCA would terminate plaintiff's employment effective November 2, 2007, and that plaintiff released all claims against PCA, among other things. PCA's managers told plaintiff that if she did not sign the release, then she would be terminated as of November 2, 2007. Plaintiff refused to sign the release, and she was terminated.

## COUNT I: CLAIM FOR SEX DISCRIMINATION AND SEXUAL HARASSMENT AND RETALIATION AND WRONGFUL DISCHARGE

(15) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(16) At all times material hereto, defendant PCA had an obligation to maintain a work environment that was not charged with sexual harassment and discrimination and hostile to plaintiff and other women.

(17) Defendant violated federal law by permitting a work environment to exist that was sexually charged and hostile and offensive to plaintiff and other women and by retaliating against and wrongfully discharging plaintiff.

(18) As a direct and proximate result of defendants' actions, plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(19) At all times material hereto, defendant PCA engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(20) The above-described acts by defendant PCA constitute sexual harassment and sex discrimination and retaliation and wrongful discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*

## COUNT II: CLAIM FOR ASSAULT AND BATTERY

(21) Defendants' inappropriate and unwanted touching and related conduct also constitutes assault and battery in violation of Virginia common law for which defendants are liable under the doctrine of *respondeat superior* and otherwise under Virginia law.

(22) As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer pecuniary loss, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(23) Further, defendants and each of them acted with actual malice toward plaintiff or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

## COUNT III: CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(24) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(25) Defendants knew or should have known that their conduct would cause physical injury and severe emotional distress to plaintiff.

(26) The intentional acts of defendants were outrageous and intolerable in that they offend the generally accepted standards of decency and morality, and were done with reckless and wanton disregard for the severe emotional distress suffered by plaintiff.

(27) Defendant's conduct was intentional or reckless; the conduct was outrageous and intolerable; the wrongful conduct and plaintiff's emotional distress were causally connected; and the emotional distress is and will continue to be severe.

(28)     As a direct and proximate result of defendants' actions, defendants are liable to plaintiff for compensatory and punitive damages.

WHEREFORE, plaintiff Carla M. Dulaney demands judgment against defendants Packaging Corporation of America and Bobby Mills, and each of them, jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

Respectfully submitted,<br>
CARLA M. DULANEY<br><br>
By: /s/ Terry N. Grimes<br>
Terry N. Grimes

Terry N. Grimes, Esquire (VSB No. 24127)
Melvin E. Williams, Esquire (VSB No. 53304)
GRIMES & WILLIAMS, P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
    *Counsel for Plaintiff*